IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| RENEE A. CHRUSTOWSKI, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civ. No. 25-587-CFC |
| RICHARD BOOS, *et al.*, | ) | |
| Defendants. | ) | |
| RENEE A. CHRUSTOWSKI, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civ. No. 25-606-CFC |
| AILEEN HASSLER, *et al.*, | ) | |
| Defendants. | ) | |
| RENEE A. CHRUSTOWSKI, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civ. No. 25-715-CFC |
| U.S. SUPREME COURT, *et al.*, | ) | |
| Defendants. | ) | |

RENEE A. CHRUSTOWSKI,

  Plaintiff,

  v.           Civ. No. 25-716-CFC

BRIAN CORKUM, *et al.*,

  Defendants.

RENEE A. CHRUSTOWSKI,

  Plaintiff,

  v.           Civ. No. 25-717-CFC

APPOQUINIMINK LIBRARY, *et al.*,

  Defendants.

RENEE A. CHRUSTOWSKI,

  Plaintiff,

  v.           Civ. No. 25-718-CFC

KIMBERLY ANDREWS, *et al.*,

  Defendants.

2

RENEE A. CHRUSTOWSKI,

     Plaintiff,

  v.

USPS-MIDDLETOWN, *et al.*,

     Defendants.

Civ. No. 25-782-CFC

RENEE A. CHRUSTOWSKI,

     Plaintiff,

  v.

CHARLLOT BURROWS, *et al.*,

     Defendants.

Civ. No. 25-783-CFC

RENEE A. CHRUSTOWSKI,

     Plaintiff,

  v.

DERRICK JOHNSON, *et al.*,

     Defendants.

Civ. No. 25-784-CFC

3

|  |  |
|---|---|
| RENEE A. CHRUSTOWSKI, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| SHELLY CHRUSTOWSKI, *et al.*, | ) |
|  | ) |
| Defendants. | ) |

Civ. No. 25-785-CFC

|  |  |
|---|---|
| RENEE A. CHRUSTOWSKI, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| KARRYL HUBBARD, *et al.*, | ) |
|  | ) |
| Defendants. | ) |

Civ. No. 25-786-CFC

|  |  |
|---|---|
| RENEE A. CHRUSTOWSKI, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| CHRISTIANA CARE HOSPITAL, *et al.*, | ) |
|  | ) |
| Defendants. | ) |

Civ. No. 25-905-CFC

4

## MEMORANDUM ORDER

Plaintiff Renee A. Chrustowski initiated the twelve above-captioned civil actions *pro se* between May 12, 2025, and July 18, 2025. This Court granted Plaintiff leave to proceed *in forma pauperis* in each case. As such, Plaintiff's pleadings are subject to this Court's *sua sponte* review and dismissal upon a determination that they are frivolous or malicious, fail to state a claim, or seek monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). At the screening stage, this Court accepts the facts alleged in Plaintiff's *pro se* pleadings as true, draws all reasonable inferences in Plaintiff's favor, and asks only whether the complaints, liberally construed, contains facts sufficient to state plausible claims. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

With the inclusion of the twelve new cases captioned above, from July 10, 2023 to the present, Plaintiff has initiated over forty-five civil actions *pro se* in this District.[1] Over thirty of Plaintiff's cases have been adjudicated; all were dismissed

---

[1] *See Chrustowski v. RCA Middletown Post Office, et al.*, Civ. No. 23-745-CFC; *Chrustowski v. Chrustowski, et al.*, Civ. No. 23-746-CFC; *Chrustowski v. Chrustowski*, Civ. No. 23-803-CFC; *Chrustowski v. NAACP-Derrick Johnson*, Civ. No. 23-804-CFC; *Chrustowski v. Carney's Point Township*, Civ. No. 23-858-CFC; *Chrustowski v. Johnson*, Civ. No. 23-873-CFC; *Chrustowski v. Cheeks, et al.*, Civ. No. 23-887-CFC; *Chrustowski v. Christian Life Center, et al.*, Civ. No. 23-888-CFC; *Chrustowski v. USPS-Middletown Post Office*, Civ. No. 23-1027-CFC; *Chrustowski v. USPS, et al.*, Civ. No. 23-1206-CFC;

---

*Chrustowski v. LifeHouse Church, et al.*, Civ. No. 24-35-CFC; *Chrustowski v. Best Buy,* Civ. No. 24-36-CFC; *Chrustowski v. DeJoy, et al.,* Civ. No. 24-37-CFC; *Chrustowski v. Scull, et al.,* Civ. No. 24-38-CFC; *Chrustowski v. Delaware Department of Labor, et al.,* Civ. No. 24-407-CFC; *Chrustowski v. Equal Employment Services, et al.,* Civ. No. 24-418-CFC; *Chrustowski v. Officer Dryer, et al.,* Civ. No. 24-431-CFC; *Chrustowski v. Citi Bank Financial, et al.,* Civ. No. 24-554-CFC; *Chrustowski v. Bishop, et al.,* Civ. No. 24-555-CFC; *Chrustowski v. Chrustowski, et al.,* Civ. No. 24-813-CFC; *Chrustowski v. Greiner, et al.,* Civ. No. 24-814-CFC; *Chrustowski v. Sebell, et al.,* Civ. No. 24-1197-CFC; *Chrustowski v. Equal Employment Opportunity Commission, et al.,* Civ. No. 24-1247-CFC; *Chrustowski v. Roberts, et al.,* Civ. No. 25-144-CFC; *Chrustowski v. Capano Management Co, et al.,* Civ. No. 25-487-CFC; *Chrustowski v. Mieczkowski, et al.,* Civ. No. 25-528-CFC; *Chrustowski v. Connolly, et al.,* Civ. No. 25-562-MN; *Chrustowski v. Super, et al.,* Civ. No. 25-586-CFC; *Chrustowski v. Boos, et al.,* Civ. No. 25-587-CFC; *Chrustowski v. Hassler, et al.,* Civ. No. 25-606-CFC; *Chrustowski v. U.S. Supreme Court, et al.,* Civ. No. 25-715-CFC; *Chrustowski v. Corkum, et al.,* Civ. No. 25-716-CFC; *Chrustowski v. Appoquinimink Library, et al.,* Civ. No. 25-717-CFC; *Chrustowski v. Andrews, et al.,* Civ. No. 25-718-CFC; *Chrustowski v. USPS-Middletown, et al.,* Civ. No. 25-782-CFC; *Chrustowski v. Burrows, et al.,* Civ. No. 25-783-CFC; *Chrustowski v. Johnson, et al.,* Civ. No. 25-784-CFC; *Chrustowski v. Chrustowski, et al.,* Civ. No. 25-785-CFC; *Chrustowski v. Hubbard, et al.,* Civ. No. 25-786-CFC; *Chrustowski v. Roberts, et al.,* Civ. No. 25-815-CFC; *Chrustowski v. Dryher, et al.,* Civ. No. 25-816-CFC; *Chrustowski v. Bally's Casino, et al.,* Civ. No. 25-817-CFC; *Chrustowski v. Capano, et al.,* Civ. No. 25-818-CFC; *Chrustowski v. Roberts, et al.,* Civ. No. 25-819-CFC; *Chrustowski v. Dryher, et al.,* Civ. No. 25-820-CFC; *Chrustowski v. Christiana Care Hospital, et al.,* Civ. No. 25-905-CFC.

prior to service on Defendants.[2]  Of the adjudicated cases, most were dismissed as

frivolous or for failure to state a claim.[3]  In at least three prior actions, this Court

warned Plaintiff that future filings of a similar nature may result in sanctions,

including an injunction barring Plaintiff from initiating other actions in this Court

---

[2] *See RCA Middletown Post Office*, Civ. No. 23-745-CFC; *Chrustowski*, Civ. No. 23-746-CFC; *Chrustowski*, Civ. No. 23-803-CFC; *NAACP-Derrick Johnson*, Civ. No. 23-804-CFC; *Carney's Point Township*, Civ. No. 23-858 CFC; *Johnson*, Civ. No. 23-873-CFC; *Cheeks*, Civ. No. 23-887-CFC; *Christian Life Center*, Civ. No. 23-888-CFC; *USPS-Middletown Post Office*, Civ. No. 23-1027-CFC; *USPS*, Civ. No. 23-1206-CFC; *LifeHouse Church*, Civ. No. 24-35 CFC; *Best Buy*, Civ. No. 24-36-CFC; *DeJoy*, Civ. No. 24-37-CFC; *Scull*, Civ. No. 24-38-CFC; *Delaware Department of Labor*, Civ. No. 24-407-CFC; *Equal Employment Services*, Civ. No. 24-418-CFC; *Officer Dryer*, Civ. No. 24-431-CFC; *Citi Bank Financial*, Civ. No. 24-554-CFC; *Bishop*, Civ. No. 24-555-CFC; *Chrustowski*, Civ. No. 24-813-CFC; *Greiner*, Civ. No. 24-814-CFC; *Sebell*, Civ. No. 24-1197-CFC; *Equal Employment Opportunity Commission*, Civ. No. 24-1247-CFC; *Capano Management Co*, Civ. No. 25-487-CFC; *Mieczkowski*, Civ. No. 25-528-CFC; *Roberts*, Civ. No. 25-815-CFC; *Dryher*, Civ. No. 25-816-CFC; *Bally's Casino*, Civ. No. 25-817-CFC; *Capano*, Civ. No. 25-818-CFC; *Roberts*, Civ. No. 25-819-CFC; *Dryher*, Civ. No. 25-820-CFC.

[3] *See Chrustowski*, Civ. No. 23-746-CFC; *Chrustowski*, Civ. No. 23-803-CFC; *Carney's Point Township*, Civ. No. 23-858-CFC; *Johnson*, Civ. No. 23-873-CFC; *LifeHouse Church*, Civ. No. 24-35-CFC; *Best Buy*, Civ. No. 24-36-CFC; *DeJoy*, Civ. No. 24-37-CFC; *Scull*, Civ. No. 24-38-CFC; *Delaware Department of Labor*, Civ. No. 24-407-CFC; *Equal Employment Services*, Civ. No. 24-418-CFC; *Officer Dryer*, Civ. No. 24-431-CFC; *Citi Bank Financial*, Civ. No. 24-554-CFC; *Chrustowski*, Civ. No. 24-813-CFC; *Greiner*, Civ. No. 24-814-CFC; *Sebell*, Civ. No. 24-1197-CFC; *Equal Employment Opportunity Commission*, Civ. No. 24-1247-CFC; *Capano Management Co*, Civ. No. 25-487-CFC.

without first obtaining permission from a judge of this Court.[4] Nevertheless, four of Plaintiff's twelve new complaints present claims that are duplicative of those previously adjudicated.[5] On this basis alone, four of Plaintiff's twelve new complaints warrant dismissal upon screening.

Briefly reviewing the eight remaining complaints in chronological order of filing, first, Plaintiff alleges discrimination, and possibly identity theft, from 2006 to the present, by four individuals in New Jersey, one of whom shares a last name with Plaintiff.[6] Plaintiff's claims appear to arise from her dissatisfaction with the outcome of a 2006 New Jersey employment discrimination suit. Plaintiff believes that attorneys and law enforcement in New Jersey were also involved in discriminating

---

[4] *See Equal Employment Services,* Civ. No. 24-418-CFC; *Officer Dryer,* Civ. No. 24-431-CFC; *Sebell,* Civ. No. 24-1197-CFC.

[5] *Compare USPS-Middletown,* Civ. No. 25-782-CFC (suing the Postal Service and others for employment discrimination and labor and wage claims arising from Plaintiff's employment in 2022 and 2023); *Hubbard,* Civ. No. 25-786-CFC (suing Postal Service employees based on same allegations), *with DeJoy,* Civ. No. 24-37-CFC (dismissing complaint and denying motion to amend complaint based on same allegations for failure to state a claim). *Compare Burrows,* Civ. No. 25-783-CFC (suing EEOC employees for adjudication of Plaintiff's employment discrimination claim against Postal Service), *with Equal Employment Opportunity Commission,* Civ. No. 24-1247-CFC (dismissing same claims as frivolous). *Compare Johnson,* Civ. No. 25-784-CFC (suing NAACP CEO and others for unrelated instances between 2006 and 2023 when Plaintiff believes she was mistreated or disadvantaged by not being a person of color), *with Johnson,* Civ. No. 23-873-CFC (dismissing same claims as frivolous).

[6] *See Boos,* Civ. No. 25-587-CFC.

8

against her.  Plaintiff also believes that things were taken from her to unfairly advantage other individuals.  Based on the foregoing, Plaintiff seeks $20,000,000. These claims are clearly baseless, they rely on indisputably meritless legal theories, or they are based on fantastic or delusional factual scenarios.  As such, they are frivolous and warrant dismissal.

Second, Plaintiff alleges abuse, harassment, identity theft, and other criminal offenses, in 2002, 2006, and 2024, in Pennsville, New Jersey, by ten individuals, who appear to be former neighbors of Plaintiff.[7]  Plaintiff believes that these individuals caused Plaintiff to be discriminated against by law enforcement and caused Plaintiff to be harassed by members of minority groups.  Plaintiff seeks $20,000,000 based on the foregoing.  These are frivolous claims, warranting dismissal.

Third, Plaintiff alleges that the United States Supreme Court and two individuals based in New Jersey and Washington, D.C., respectively, discriminated against Plaintiff on unspecified dates.[8]  It appears that Plaintiff's claims arise from an undesirable outcome in a legal case involving Plaintiff.  Based on the foregoing,

---

[7] *See Hassler,* Civ. No. 25-606-CFC.

[8] *See U.S. Supreme Court,* Civ. No. 25-715-CFC.

Plaintiff seeks $20,000,000 and criminal charges against all Defendants. These claims are frivolous and warrant dismissal.

Fourth, Plaintiff alleges that, on unspecified dates, in New Jersey and Delaware, four individuals, who appear to be either church leaders or church members, stole Plaintiff's personal information and $30.00 to help disadvantaged persons and members of minority groups.[9] Based on the foregoing, Plaintiff seeks $20,000,000. These claims are frivolous and warrant dismissal.

Fifth, Plaintiff alleges harassment on May 30, 2025, in Middletown, Delaware, by the Appoquinimink Library and several of its employees.[10] Plaintiff alleges that a library employee falsely accused Plaintiff of cursing at her, and then Plaintiff was told to leave the library, or the police would be called. The pleading mentions several times that the library employee was a black woman. Plaintiff believes that this employee was responsible for having Plaintiff banned from the library. Based on the foregoing, Plaintiff seeks $20,000,000. These claims are frivolous and warrant dismissal.

Sixth, Plaintiff alleges discrimination in 2006 and 2022 by four individuals, who appear to be National Labor Relations Board employees in Philadelphia,

---

[9] *See Corkum,* Civ. No. 25-716-CFC.

[10] *See Appoquinimink Library,* Civ. No. 25-717-CFC.

Pennsylvania.[11] It appears that Plaintiff's claims arise from an undesirable outcome in a case initiated by Plaintiff. Plaintiff believes these individuals committed theft, discriminated, and retaliated against her. Plaintiff's pleading does not provide additional information to support these claims, but it does reflect that Plaintiff believes her family members, church members, and strangers (specifically, members of minority groups) were involved. These claims are frivolous and warrant dismissal.

Seventh, Plaintiff alleges negligence by Shelly Chrustowski and three other individuals or entities in Delaware, in or around February 2025.[12] According to the pleading, there was a physical altercation between Plaintiff and Shelly Chrustowski on February 20, 2025, but Shelly Chrustowski faced no legal repercussions following the incident. Additionally, Plaintiff believes Shelly Chrustowski and others have committed identity theft and other criminal offenses against Plaintiff. The pleading does not specify an amount in controversy, and all parties appear to be citizens of Delaware. These claims are frivolous and warrant dismissal. This Court notes that it has dismissed as frivolous at least three prior complaints filed by

---

[11] *See Andrews,* Civ. No. 25-718-CFC.

[12] *See Chrustowski,* Civ. No. 25-785-CFC.

11

Plaintiff, alleging identity theft, retaliation, threats, harassment, and assault by Shelly Chrustowski.[13]

Last, Plaintiff alleges negligence by four hospitals or medical treatment centers in Delaware, and at least six medical providers, for which Plaintiff seeks $20,000,000.[14]  The pleading provides no dates of occurrence and largely fail to specify which Defendant is alleged to have done what.  Plaintiff believes that she was treated with diluted medications and that her personal information was stolen to unlawfully provide other individuals (specifically, members of minority groups) with prescription medications instead of Plaintiff.  Additionally, Plaintiff was dissatisfied with some medical care that she received, and she believes she was misinformed and ill-advised when receiving care.  For example, Defendants did not advise Plaintiff to seek a handicap parking placard, they refused to fill out Plaintiff's workers compensation forms, they required Plaintiff to return for multiple appointments, and they provided several treatments that were painful, and, ultimately, ineffective.  Unrelatedly, Plaintiff's pleading also mentions being harassed by church members.  These claims are frivolous and warrant dismissal.

---

[13]    *See Chrustowski*, Civ. No. 23-746-CFC; *Citi Bank Financial,* Civ. No. 24-cv-554-CFC; *Chrustowski,* Civ. No. 24-cv-813-CFC.

[14] *See Christiana Care Hospital,* Civ. No. 25-905-CFC.

Plaintiff's above pleadings raise vague, unsupported, and, frequently, undated or stale claims of discrimination, harassment, assault, and identity theft, as well as other related civil violations and criminal offenses, by Plaintiff's family members, neighbors, church members, former employers and coworkers, public institutions and their employees, the NAACP, and strangers, often identified as members of minority groups. These twelve new pleadings are of a similar nature to those previously filed by Plaintiff, which this Court dismissed as frivolous or for failure to state a claim, warning Plaintiff that continuing to file such pleadings may result in sanctions against Plaintiff. At this time, the imposition of filing restrictions is warranted by Plaintiff's continuous abuse of the judicial process by filing meritless and repetitive actions. *See* 28 U.S.C. § 1651; *Matter of Packer Ave. Assoc.*, 884 F.2d 745, 747 (3d Cir.1989).

NOW THEREFORE, at Wilmington on this Nineteenth Day of May in 2026, it is HEREBY ORDERED:

1. The complaints filed in the twelve above-captioned cases are **DISMISSED** as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

2. The Clerk of Court is directed to **CLOSE** all the above-captioned civil actions, except for the most recently initiated case, *Chrustowski v. Christiana Care Hospital, et al.*, Civ. No. 25-905-CFC.

3.    **On or before June 23, 2026**, in *Chrustowski v. Christiana Care Hospital, et al.*, Civ. No. 25-905-CFC, **only**, Plaintiff shall show cause why the following proposed injunctive relief should not issue:

A.    Plaintiff is hereby enjoined from filing, without prior authorization of the Court, any complaint, lawsuit, or petition for writ of mandamus, raising claims or issues regarding discrimination, harassment, assault, identity theft, or related civil violations and criminal offenses.

B.    Plaintiff must file a motion for leave to file with any new complaint, lawsuit, or petition for writ of mandamus that she proposes to file, and she must attach a copy of this memorandum order to it.

C.    As an exhibit to any motion seeking such leave, there must be attached a declaration prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (a) the document raises a new issue that has never been previously raised by the filer in this or any other court, (b) the claim or issue is not frivolous, (c) the document is not filed in bad faith, and (d) a statement as to the basis for jurisdiction and venue in the District of Delaware.

D.    The Court shall deny any motion for leave to file if the proposed document is frivolous, vexatious, or harassing. The failure to comply with this memorandum order shall be sufficient grounds for this court to deny any motion for leave to file.

14

E.    No document submitted by Plaintiff shall be filed prior to obtaining leave to file unless the document is specifically identified as a motion for leave to file, and unless the document contains an affidavit or sworn declaration as required by this memorandum order, and a copy of this memorandum order.

F.    The Clerk's Office shall not accept any filing fees, cover sheets, applications for leave to proceed without prepayment of fees, summonses, or U.S. Marshals forms, in connection with a motion for leave to file, unless and until leave is granted.

_____
Chief Judge

15